*C 1*

*ρ |ιⴽ) ⴱоⵏⴹ*



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

CRAIG CARPENITO
U.S. Attorney

JACQUELINE M. CARLE
Assistant U.S. Attorney

*Camden Federal Building & U.S. Courthouse*

| | |
|---|---|
| *401 Market Street, 4th Floor* | *856/757-5026* |
| *P.O. Box 2098* | *FAX 856/968-4917* |
| *Camden, NJ 08101* | |

September 5, 2018

Amy Luria, Esquire
Critchley, Kinum, & Denoia, LLC
75 Livingston Avenue
Roseland, New Jersey 07068

Re:  Plea Agreement with Kristie Masucci

Dear Ms. Luria:

This letter sets forth the plea agreement between your client, Kristie Masucci, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on September 14, 2018, if it is not accepted in writing by that date.

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Kristie Masucci to an Information which charges her with knowingly and willfully conspiring to defraud a health care benefit program, contrary to Title 18, United States Code, Section 1347, in violation of Title 18, United States Code, Section 1349. If Kristie Masucci enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Kristie Masucci for the unlawful obtaining and filling of compounded prescriptions during the time period from January 2014 through April 2016. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Kristie Masucci agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Kristie Masucci may be commenced against her, notwithstanding the expiration of the limitations period after Kristie Masucci signs the agreement.

1

Sentencing

The violation of 18 U.S.C. § 1349 to which Kristie Masucci agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.   Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Kristie Masucci is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.   The United States Sentencing Guidelines are advisory, not mandatory.   The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.   This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Kristie Masucci ultimately will receive.

Further, in addition to imposing any other penalty on Kristie Masucci, the sentencing judge (1) will order Kristie Masucci to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Kristie Masucci to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Kristie Masucci, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Kristie Masucci to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed.   Should Kristie Masucci be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Kristie Masucci may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, Kristie Masucci agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.   This Office will take the position that the restitution amount is $1,876,349.47.   Kristie Masucci disputes that amount.

Forfeiture

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Kristie Masucci agrees to forfeit to the United States all of her right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 charged in the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7). Kristie Masucci further agrees that the value of the gross proceeds she obtained was $388,608.11 from the sale of compounded medications; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant (the "Money Judgment"). The Office maintains that the amount of the Money Judgment to be imposed upon the defendant Kristie Masucci should equal the value of the gross proceeds obtained by her, i.e., $388,608.11. The defendant reserves the right to argue at sentencing that she should not be liable for a Money Judgment in the amount of $388,608.11.

After the Court determines the amount of the Money Judgment, the defendant consents to the entry of an Order requiring the defendant to pay the Money Judgment and that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Kristie Masucci waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea

proceeding.   The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Kristie Masucci further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.   If Kristie Masucci fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Kristie Masucci has intentionally failed to disclose assets on her Financial Disclosure Statement, Kristie Masucci agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Kristie Masucci by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.   In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Kristie Masucci's activities and relevant conduct with respect to this case.

Stipulations

This Office and Kristie Masucci agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.   This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings

4

and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Kristie Masucci from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Immigration Consequences

Kristie Masucci understands that, if she is not a citizen of the United States, her guilty plea to the charged offense may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States.  The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kristie Masucci.   This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Kristie Masucci.

No provision of this agreement shall preclude Kristie Masucci from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Kristie Masucci received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Kristie Masucci and this Office and supersedes any previous agreements between them.   No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By:   JACQUELINE M. CARLE
R. DAVID WALK, JR.
Assistant U.S. Attorneys

APPROVED:

Matthew J. Skahill
Attorney-in-charge, Camden, NJ

I have received this letter from my attorney, Amy Luria, Esq.   I have read this letter.   My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully.   I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.   I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.   I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_Kristie Masucci_                          Date:  9/12/18
Kristie Masucci


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences.   My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____          Date: 9/28/18
Amy Luria, Esq.

Plea Agreement with Kristie Masucci

Schedule A

1. This Office and Kristie Masucci recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and Kristie Masucci nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2016, applies in this case.

3. The guideline that applies to the charged conduct is U.S.S.G. § 2B1.1, which provides for a base offense level of 6.   See U.S.S.G. § 2B1.1(a)(2).

4. The parties do not agree as to the applicability of U.S.S.G. § 2B1.1(b)(1).   This Office will argue that that Kristie Masucci's offense involved a loss of $1,876,349.47.   Because the losses total more than $1,500,000 but not more than $3,500,000, this results in an increase of 16 levels.   See U.S.S.G. § 2B1.1(b)(1)(I).   The defense disputes the loss amount.   Both parties reserve their right to argue their respective positions at sentencing.

5. The parties do not agree as to the applicability of U.S.S.G. § 2B1.1(b)(7).   The government's position is that the defendant committed a Federal health care offense involving a Government health care program and that there was a loss of more than $1,000,000 to a Government health care program, which results in an increase of 2 levels.   Kristie Masucci's position is that U.S.S.G. § 2B1.1(b)(7) does not apply.   Both parties reserve their right to argue their respective positions at sentencing.

ACCEPTANCE OF RESPONSIBILITY

6. As of the date of this letter, Kristie Masucci has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kristie Masucci's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Kristie Masucci has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting

this Office and the court to allocate their resources efficiently.   At sentencing, this Office will move for a further 1-point reduction in Kristie Masucci's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Kristie Masucci enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Kristie Masucci's acceptance of responsibility has continued through the date of sentencing and Kristie Masucci therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Kristie Masucci's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. The parties do not agree as to the Adjusted Offense Level.   This Office will argue that that Kristie Masucci's Adjusted Offense Level is 21. The defense will dispute that calculation.