UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 18-cr-00616 (RBK) |
| v. | : |
| KRISTIE MASUCCI | : |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court on the application of the United States and the defendant in the above-captioned matter by and through the undersigned counsel, for a protective order. The parties respectfully request the Court issue an Order in the form set forth below. The parties state as follows:

1. The defendant pled guilty to an Information charging her with conspiracy to commit health care fraud, contrary to Title 18, United States Code, Section 1347 and in violation of Title 18, United States Code, Section 1349.

2. The investigation, which preceded the filing of the Information against the defendant, included the use of grand jury subpoenas to obtain prescription documentation and medical records, as well as interviews of multiple witnesses.

3. The United States has agreed to make discovery available to the defendant through her counsel, Amy Luria, Esquire, and Michael Critchley, Esquire, in order to prepare for the sentencing hearing. Counsel for the United States and counsel for the defendant both believe that this manner of proceeding is in the best interest of their respective clients.

4. In compliance with the Government's disclosure obligations, the Government may disclose to the defense: witness statements, documentation regarding prescriptions obtained by

potential witnesses, and personal medical records of potential witnesses (collectively referred to hereafter as "Confidential Discovery Information").

5. There is a significant possibility that disclosure of the Confidential Discovery Information would be detrimental to victims, witnesses, and/or uncharged persons and compromise the Government's ongoing investigation.

6. Access to Confidential Discovery Information will be restricted to personnel authorized by the Court, namely the defendant and her attorneys of record, and those attorneys' associated counsel, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by a defendant and/or her counsel in connection with the criminal case), secretaries employed by the attorneys of record and performing services on behalf of the defendant, prospective witnesses (to the extent deemed necessary by defense counsel, for preparation for the sentencing hearing), and such other persons as hereafter may be authorized by the Government or the Court upon motion by the defendant. Confidential Discovery Information may be shown to prospective witnesses, but such discovery may not be given to or remain in the custody of prospective witnesses.

7. The following restrictions will be placed on the above-designated individuals unless further ordered by the Court. The above-designated individuals shall not:

    a. Duplicate Confidential Discovery Information for, or allow copies of any kind to be made by, any other person, or allow the Confidential Discovery Information to be otherwise disseminated outside of defense counsel's office or law firm except as provided for above.

    b. Allow defendant to retain copies of Confidential Discovery Information:

  c. Allow any other person, including but not limited to co-conspirators and witnesses, to review the Confidential Discovery Information except as provided for above; or

  d. Use Confidential Discovery Information for any other purpose other than preparing for the defendant's sentencing hearing before this Court.

8. The defendant's attorneys shall inform any person to whom disclosure may be made, or has been made, pursuant to this Order, of the existence and terms of this Court's Order. The defendant's attorneys shall provide that person a copy of this Order. The designated persons shall be subject to the terms of this Order. The defendant and/or her counsel shall maintain a record of all such persons who have received Confidential Discovery Information.

9. The defendant and/or her counsel may not disclose Confidential Discovery Information to any person not identified above unless the defendant and/or her counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defendant and/or her counsel may seek relief from the Court.

10. Counsel for the defendant shall store the Confidential Discovery Information in a secure place and shall use reasonable care to ensure that the Confidential Discovery Information is not disclosed or disseminated to any third party in violation of the below Order. In the event of any inadvertent disclosure of Confidential Discovery Information, counsel for defendant shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Discovery Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Discovery Information.

11. The requested restrictions shall not limit the use or introduction as evidence of materials containing Confidential Discovery Information during the sentencing hearing in this matter, subject to Fed. R. Crim. P. 49.1, if the inclusion of such information is relevant to the case and the Court and the Government are given prior notice of the defendant's intent to use such information at the sentencing hearing. Moreover, notwithstanding any other provision, the parties shall be permitted to disclose Confidential Discovery Information in connection with the filing of defense motions with the Court, or for use at Court proceedings, subject to Fed. R. Crim. P. 49.1, except that the filing of any Applications shall be made under seal.

12. This stipulation is binding, with the consent of the parties, on all future and successor counsel.

13. The defendant and/or her counsel agree that they have no ownership or proprietary interest in the materials subject to the below Order. Upon conclusion of this litigation, defendant's attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Confidential Discovery Information within a reasonable time, not to exceed thirty days after the defendant has exhausted all appellate rights.

Dated: April 22, 2019

Camden, New Jersey

_____
AMY LURIA, Esq.
MICHAEL CRITCHLEY, Esq.
Attorneys for the Defendant

Form and entry consented to:

CRAIG CARPENITO
United States Attorney

_____
R. DAVID WALK, JR.
Assistant United States Attorney

-4-

**ORDER**

IT IS SO ORDERED
this __23rd__ day of April 2019.

_____
HONORABLE ROBERT B. KUGLER
UNITED STATES DISTRICT COURT JUDGE

Camden, New Jersey