UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT B. KUGLER<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN U.S. COURTHOUSE<br>1 John F. Gerry Plaza – Room 6040<br>Camden, NJ  08101 |

September 4, 2019

TO:   ALL COUNSEL

Re:   United States v. Kristie Masucci
       Criminal No. 18-616(RBK)

Dear Counsel:

Thank you for your letters of August 27, 2019, regarding the issue of forteiture.

I find the reasoning of the D.C. Circuit in United States v. Bikundi, 926 F.3d 761 (D.C. Cir. 2019), persuasive.   In that health care fraud case, the court noted how broad the forfeiture statute is for health care fraud.   Unlike other forfeiture laws, this statute does not permit any credits or set-offs for "lawful services."   926 F.3d at 792-93.   And the court cites to United States v. DeFries, 129 F.3d 1293, (D.C. Cir. 1997) which found there could be no credit for income tax payments in a RICO prosecution.

As to the Excessive Fines Argument, the Bikundi court does an analysis of the four factors from United States v. Bajakajian, 524 U.S. 326 (1996) and Timbs v. Indiana, ____U.S.____, 139 S. Ct. 682 (2019) and found the $80 million forfeiture imposed in Bikundi, does not violate the Excessive Fines Clause.   The same analysis of those factors yields a similar result here.

Accordingly, the court will enter a forfeiture Order as requested by the government.   As defendant has paid $9,000, she is entitled to a credit in that amount.

                        Very truly yours,

                        s/Robert B. Kugler
                        ROBERT B. KUGLER
                        United States District Judge

RBK:mg